IN the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST
Judith A. PINCHAR, Attorney at Law.

BOARD OF ATTORNEYS PROFESSIONAL RESPONSIBILITY,
Complainant,

v.

Judith A. PINCHAR, Respondent.

Supreme Court

*No. 00–1487–D. Filed November 14, 2000.*

**2000 WI 122**

(Also reported in 618 N.W.2d 869.)

269

¶ 1. PER CURIAM. We review the stipulation filed by Attorney Judith A. Pinchar and the Board of Attorneys Professional Responsibility (Board)[1] pursuant to SCR 21.09(3m)[2] setting forth findings of fact and conclusions of law concerning Attorney Pinchar's professional misconduct for failing to cooperate with the Board's investigation; failing to act with reasonable diligence and promptness in representing a client; failing to keep a client reasonably informed about the status of a matter and failing to promptly comply with a client's reasonable request for information; and engaging in conduct involving dishonesty, fraud, deceit or misrepresentation. The parties also stipulated to a

---

[1] Effective October 1, 2000, Wisconsin's attorney disciplinary process underwent a substantial restructuring. The name of the body responsible for investigating and prosecuting cases involving attorney misconduct was changed to the Office of Lawyer Regulation and the Supreme Court Rules applicable to the lawyer regulation system were also revised. Since the conduct underlying this case arose prior to October 1, 2000, the body will be referred to as "the Board" and all references to Supreme Court Rules will be to those in effect prior to October 1, 2000.

[2] Former SCR 21.09(3m) provided:

(3m) The board may file with a complaint a stipulation by the board and the respondent attorney to the facts, conclusions of law and discipline to be imposed. The supreme court may consider the complaint and stipulation without appointing a referee. If the supreme court approves the stipulation, it shall adopt the stipulated facts and conclusions of law and impose the stipulated discipline. If the supreme court rejects the stipulation, a referee shall be appointed pursuant to sub. (4) and the matter shall proceed pursuant to SCR chapter 22. A stipulation that is rejected has no evidentiary value and is without prejudice to the respondent's defense of the proceeding or the board's prosecution of the complaint.

60-day suspension of Attorney Pinchar's license to practice law as a discipline for that misconduct.

¶ 2. We approve the stipulation and determine that the seriousness of Attorney Pinchar's misconduct warrants the suspension of her license to practice law for 60 days.

¶ 3. Attorney Pinchar was admitted to the practice of law in Wisconsin in 1982 and practices in the Milwaukee area. In 1999, she consented to a Board imposed private reprimand for misconduct consisting of failing either to settle a client's claim or file suit before the statute of limitations ran; failing to respond to the client's attempts to contact her and failing to inform the client that the statute of limitations had passed; and failing to respond to inquiries from Board staff investigating the matter.

¶ 4. On June 16, 1999, the Board received a letter from one of Attorney Pinchar's clients regarding her alleged failure to return file materials. This client had previously filed a grievance against Attorney Pinchar which resulted in the private reprimand referred to above. On June 23, 1999, a Board staff investigator sent a letter to Attorney Pinchar requesting that she provide written confirmation that she had given the file to the client. Attorney Pinchar failed to respond. A second letter was sent to Attorney Pinchar via both certified mail and first-class mail on July 14, 1999. Attorney Pinchar received this letter but did not respond to it. A third letter was sent on September 23, 1999, citing Attorney Pinchar's obligations under the Supreme Court Rules to cooperate with the Board and requesting a written response within 20 days. Attorney Pinchar again did not respond.

¶ 5. On November 9, 1999, a Notice to Attend Investigative Interview in the Board's offices on

November 18 was mailed to Attorney Pinchar with the request that she return a signed admission of service. When no admission of service was received, the notice was sent to a process server and Attorney Pinchar was personally served on November 16. Attorney Pinchar did not appear at the appointed time on November 18. She called the Board's office and said she would submit a written response to the inquiry the following morning. The promised response was not sent. Board staff prepared an investigative report recommending that the Board seek a temporary suspension of Attorney Pinchar's license based on her failure to cooperate. That report was both mailed and hand-delivered to Attorney Pinchar's office. Attorney Pinchar delivered a response to the grievance on December 3, 1999.

¶ 6. In a second matter, on September 13, 1999, the Board received a grievance from another client alleging that Attorney Pinchar failed to respond to that client's attempts to contact her. On September 16, 1999, a Board staff investigator sent an initial letter of inquiry to Attorney Pinchar requesting a response to the grievance within 20 days. Attorney Pinchar failed to respond to the letter. A second letter was sent on October 12, 1999. Again, no response was received.

¶ 7. A Notice to Attend Investigative Interview was personally served on Attorney Pinchar on November 16, 1999, informing her that she was to attend an investigative interview in the Board's offices on November 18. Attorney Pinchar did not appear at the appointed time but called the Board's offices and said she would submit a written response to this inquiry the following day at the same time she promised to serve a response to the Board's inquiry in the matter involving the first client. The promised response was not sent, and Board staff prepared an investigative report rec-

ommending that the Board seek a temporary suspension of Attorney Pinchar's license based on her failure to cooperate. That report was both mailed and hand-delivered to Attorney Pinchar's office on November 23, 1999.

¶ 8. In a third matter, in August of 1998, a man retained Attorney Pinchar to represent his son, who had previously received a stayed prison sentence and was placed on probation. The son's probation was subsequently revoked. He wanted the circuit court to reverse the administrative decision to revoke his probation. A petition for writ of certiorari was filed on October 8, 1998. A writ issued; the record was submitted by the division of hearings and appeals; and a briefing schedule was issued by the circuit court on November 6, 1998.

¶ 9. Between the fall of 1998 and May 1999, Attorney Pinchar represented to her client that his petition was pending in Milwaukee County Circuit Court. Her brief in support of the petition was due in either December 1998 or January 1999. She never filed the brief. The circuit court called Attorney Pinchar three times in early March regarding her failure to file a brief in support of the petition. On March 22, 1999, the circuit court ordered the petition dismissed for failure to prosecute.

¶ 10. Attorney Pinchar did not inform her client of the court's dismissal of his petition. Instead, in May of 1999, she communicated to him that she had filed a brief in support of his petition and that a decision was pending. In June of 1999, her client's father hired another attorney. That attorney checked the status of the petition and learned that it had been dismissed for failure to prosecute.

¶ 11. In the summer of 1998, the client's wife filed a petition for divorce in Arkansas. The client's father retained Attorney Pinchar to represent his son in the divorce proceeding. Attorney Pinchar filed an objection to the jurisdiction of the court and an answer to the divorce petition. Attorney Pinchar was not licensed to practice law in Arkansas and she did not seek admission pro hac vice. Filing the answer while unlicensed in Arkansas and not otherwise permitted to appear there violated the regulation of the legal profession in Arkansas.

¶ 12. Attorney Pinchar filed nothing further in the Arkansas divorce case. In April of 1999, her client's father retained an Arkansas attorney, who discovered that the divorce had been granted in December 1998. The client's father had paid Attorney Pinchar a retainer of $1500 for her services. In June of 1999, she refunded $1000 and told her client's father she had reserved $500 to assist in hiring local counsel for his son in the divorce matter. Attorney Pinchar neither hired local counsel nor refunded the remaining $500.

¶ 13. On July 15, 1999, the Board received a grievance from the client's father and on August 19, 1999, it received a statement from the client indicating that he joined his father in the grievance against Attorney Pinchar. On August 6, 1999, a Board staff investigator sent an initial letter of inquiry to Attorney Pinchar requesting a response to the grievance within 20 days. Attorney Pinchar did not respond to this letter. A second letter was sent on September 2, 1999. Attorney Pinchar received that letter but did not respond.

¶ 14. This grievance was assigned to the Board's District 2 Professional Responsibility Committee (PRC). An attorney member of the PRC was assigned to

investigate the grievance. He sent a letter to Attorney Pinchar on October 22, 1999, asking her to contact him. Attorney Pinchar failed to respond. The PRC investigator had a chance meeting with Attorney Pinchar at a courthouse during which he asked that she contact him. In November of 1999, Attorney Pinchar and the investigator met in his offices to discuss the matter.

¶ 15. The parties stipulated that by failing to respond to letters from staff and failing to appear at an investigative interview, despite being personally served, and by ultimately supplying a grievance response only under threat of suspension, Attorney Pinchar failed to cooperate with the investigation of the three grievances, in violation of SCR 21.03(4)[3] and SCR 22.07(3) and (4).[4]

¶ 16. The parties also stipulated that by failing to take proper and timely steps to protect her client's interest by securing local counsel in the Arkansas divorce action, Attorney Pinchar failed to act with reasonable diligence and promptness in representing a

---

[3] Former SCR 21.03(4) provided:

(4) Every attorney shall cooperate with the board and the administrator in the investigation, prosecution and disposition of grievances and complaints filed with or by the board or administrator.

[4] Former SCR 22.07(3) and (4) provided:

(3) The administrator or committee may compel the respondent to answer questions, furnish documents and present any information deemed relevant to the investigation. Failure of the respondent to answer questions, furnish documents or present relevant information is misconduct. The administrator or a committee may compel any other person to produce pertinent books, papers and documents under SCR 22.22.

(4) The duty of the respondent to cooperate with the board's investigation does not affect the respondent's privilege against self-incrimination, but the privilege may be claimed only in respect to matters which may subject the respondent to criminal liability.

client, in violation of SCR 20:1.3.[5] In addition, the parties stipulated that by failing to inform her client that his petition for certiorari had been dismissed and by failing to inform him that the divorce had been granted, Attorney Pinchar failed to keep a client reasonably informed about the status of a matter and failed to promptly comply with a client's reasonable request for information, in violation of SCR 20:1.4(a).[6]

¶ 17. The parties further stipulated that by falsely informing her client that she had filed a brief in support of the petition for writ of certiorari and that she was awaiting the court's decision when, in fact, she had filed no brief and the petition had already been dismissed, Attorney Pinchar engaged in conduct involving dishonesty, fraud, deceit or misrepresentation, in violation of SCR 20:8.4(c).[7] The parties also stipulated that by providing legal representation in an action pending in a jurisdiction in which she was unlicensed, and by failing to seek permission from the court in Arkansas, or seek admission pro hac vice, before filing an answer on her client's behalf, Attorney Pinchar practiced law in a jurisdiction where doing so

---

[5] SCR 20:1.3 provides:

Diligence
A lawyer shall act with reasonable diligence and promptness in representing a client.

[6] SCR 20:1.4(a) provides:

(a) A lawyer shall keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information.

[7] SCR 20:8.4(c) provides:

It is professional misconduct for a lawyer to:
(c) engage in conduct involving dishonesty, fraud, deceit or misrepresentation.

violates the regulation of the legal profession in that jurisdiction, in violation of SCR 20:5.5(a).[8]

¶ 18. In addition to the 60-day license suspension, the parties stipulated that Attorney Pinchar refund the remaining $500 to the client's father.

¶ 19. We adopt the findings of fact and conclusions of law set forth in the parties' stipulation. Attorney Pinchar's failure to cooperate with the Board's investigation of the three grievances and her handling of the petition for writ of certiorari and Arkansas divorce action are serious failings warranting a suspension of her license. A 60-day suspension of her license to practice law is appropriate discipline for her professional misconduct.

¶ 20. IT IS ORDERED that the license of Judith A. Pinchar to practice law in Wisconsin is suspended for a period of 60 days, effective December 19, 2000.

¶ 21. IT IS FURTHER ORDERED that Judith A. Pinchar comply with the provisions of SCR 22.26 concerning the duties of a person whose license to practice law in Wisconsin has been suspended.

¶ 22. IT IS FURTHER ORDERED that Judith A. Pinchar refund the remaining $500 to her client's father within 30 days of the date of this order. If the $500 refund is not made within that time, the license of Judith A. Pinchar to practice law in Wisconsin shall remain suspended until further order of the court.

¶ 23. IT IS FURTHER ORDERED that within 60 days of the date of this order Judith A. Pinchar pay to the Office of Lawyer Regulation the costs of this proceeding. If the costs are not paid within the time specified

---

[8] SCR 20:5.5(a) provides:

A lawyer shall not:
(a) practice law in a jurisdiction where doing so violates the regulation of the legal profession in that jurisdiction.

277

and absent a showing to this court of her inability to pay the costs within that time, the license of Judith A. Pinchar to practice law in Wisconsin shall remain suspended until further order of the court.